| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | Priority<br>Send<br>Enter<br>Closed |
| cc: Los Angeles Superior Court, case No. BC486420: order, docket and remand letter | **CIVIL MINUTES - GENERAL** | JS-5/JS-6<br>Scan Only |

**CASE NO.:** CV 12-06180 SJO (JCx)         **DATE:** August 1, 2012

**TITLE:** <u>Annis Webb v. Life Insurance Company of North America, et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                                    Not Present
Courtroom Clerk                                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                                       Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO STATE COURT** [Docket No. 1]

This matter comes before the Court on Defendant Life Insurance Company of North America's ("Defendant") Notice of Removal filed on July 18, 2012. Defendant removed the action pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction. For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.     <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

Plaintiff Cheryl Gollnick ("Plaintiff") filed the Complaint in Los Angeles County Superior Court on June 13, 2012. (*See* Notice of Removal ("Notice") Ex. A ("Compl."), July 18, 2012, ECF No. 1.) The Complaint sets forth the following allegations. After undergoing knee replacement surgery, Plaintiff began to experience chronic pain in her right hip area. (Compl. ¶ 18.) Due to the chronic pain, Plaintiff could not perform her duties as a warrant specialist for the Sheriff's Department in the County of Bernalillo, New Mexico. (Compl. ¶¶ 12, 15-16.)

Plaintiff submitted a disability claim to Defendant for payment under the terms of the Disability Income Policy, Policy Number SLK-030001 (the "Policy"), issued by Defendant to the County of Bernalillo, Plaintiff's employer. (Compl. ¶ 12.) Under the Policy, an employee is entitled to the lesser of 50% of an employee's weekly covered earnings or the maximum disability benefit, reduced by any other income benefits. (Compl. ¶ 13.) Defendant refused to pay the benefits to which Plaintiff believes she is entitled. As a result, Plaintiff initiated this lawsuit alleging two causes of action: (1) breach of the duty of good faith and fair dealing; and (2) breach of contract. (*See generally* Compl.) Other than providing the maximum disability benefit amount an employee may be eligible for, which is $10,000 per month after 6 months of disability (Compl. ¶ 13), the Complaint does not set forth numerical figures to suggest how much money is at stake in this action (*see generally* Compl.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 12-06180 SJO (JCx)</u>          DATE: <u>August 1, 2012</u>

II.     <u>DISCUSSION</u>

A defendant may remove an action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441. Diversity jurisdiction requires complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

     A.     *Sua Sponte* <u>Consideration of Subject Matter Jurisdiction</u>

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit has specifically held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

     B.     <u>Complete Diversity</u>

A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2011). In the Notice of Removal, Defendant alleges that Plaintiff is a citizen of New Mexico because she resides in Albuquerque, New Mexico. (Notice ¶ 4.) Because a person's residence can be *prima facie* evidence of citizenship, *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), the Court accepts that Plaintiff is a citizen of New Mexico for the purposes of diversity jurisdiction.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Notice ¶ 5.) Nothing in the record contradicts this assertion and the Court finds no evidence outside the record. Therefore, Defendant is a citizen of Pennsylvania.

Because Plaintiff and Defendant do not share citizenship with each other, complete diversity exists.

     C.     <u>Amount-in-Controversy Requirement</u>

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "strong presumption" against removal to federal court means that "the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). For removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

CASE NO.: **CV 12-06180 SJO (JCx)**    DATE: **August 1, 2012**

$75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 1117 (internal quotation marks omitted). Courts may consider facts "presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto Ins.*, 116 F.3d 373, 377 (9th Cir. 1997)).

It is not facially evident from the Complaint that more than $75,000 is in controversy. In the Complaint, Plaintiff requests compensatory damages, including lost benefits, damages for mental and emotional distress, exemplary damages, and attorneys' fees, in amounts to be proven at trial. (*See generally* Compl.) Plaintiff has not provided records of her covered earnings, nor has she provided any other monetary figures or general facts from which the Court could infer an amount in controversy. Because it is not facially evident from the Complaint that more than $75,000 is at issue, Defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Matheson*, 319 F.3d at 1090.

"Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090-91. Defendant must provide "the *underlying* facts supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *See Gaus*, 980 F.2d at 567. In the instant case, Defendant has failed to provide **any** facts justifying its assertion that the amount in controversy exceeds $75,000. (Notice ¶ 4.) Defendant avers that the amount in controversy exceeds $75,000 because Plaintiff seeks past disability insurance benefits from January 25, 2011, as well as "bad faith" damages, punitive damages, and attorneys' fees. (Notice ¶ 3.) Such assertions do not satisfy Defendant's burden to prove the amount in controversy by a preponderance of the evidence. Defendant, as Plaintiff's insurer, has access to the maximum amount of disability benefits Plaintiff could be awarded; Defendant could have at least calculated for the Court Plaintiff's alleged lost benefits to date. Defendant has not attempted to place any numerical value on Plaintiff's claim for lost benefits, nor has Defendant attempted to place a value on any of the other relief Plaintiff seeks.

Defendant's unsupported allegation that Plaintiff seeks damages in excess of $75,000 is insufficient to establish that it is more likely than not that the amount-in-controversy requirement is met. Defendant has failed to meet its burden of establishing jurisdiction. The Court remands the action.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:   <u>CV 12-06180 SJO (JCx)</u>          DATE:   <u>August 1, 2012</u>

III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this action and **REMANDS** this case to the Superior Court of California, County of Los Angeles.  This action shall close.

IT IS SO ORDERED.